### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | |
|---|---|
| LIGHTING BALLAST CONTROL LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) C.A. No. 7:09-cv-00029-O<br>UNIVERSAL LIGHTING TECHNOLOGIES, )<br>INC., )<br>)<br>Defendant. )<br>) | |

### DEFENDANT UNIVERSAL LIGHTING TECHNOLOGIES, INC.'S
### MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.3, Defendant Universal Lighting Technologies, Inc. ("ULT") respectfully moves for summary judgment in favor of ULT and against Plaintiff Lighting Ballast Control LLC's ("LBC"):

(a) granting ULT a declaratory judgment counterclaim of non-infringement with respect to (i) claims 3, 4, and 18 of the patent-in-suit, and (ii) certain ULT products that plaintiff has dropped from the case (ECF No. 70);

(b) dismissing with prejudice all patent infringement claims against ULT in the Complaint (ECF No. 1) and granting ULT's request for declaratory judgment of non-infringement of the patent-in-suit (ECF No. 70); and

(c) ruling in favor of ULT on its First and Third Affirmative Defenses and its declaratory judgment counterclaim of Invalidity under 35 U.S.C. § 102 and § 112 (ECF No. 70).

### SUMMARY

Plaintiff Lighting Ballast Control LLC ("LBC") has accused ULT of infringing claims 1-5 and 18 of U.S. Patent No. 5,436,529 (the "'529 patent"). LBC has now acknowledged that no ULT product infringes claims 3, 4, and 18 of the '529 patent and that multiple products initially accused by LBC do not infringe any claim of the '529 patent. Accordingly, ULT is entitled to

partial summary judgment on its Fifth Affirmative Defense of Non-Infringement and its Counterclaim for a Declaratory Judgment of Non-Infringement of these patent claims and particular products, as explained in more detail in ULT's brief accompanying this motion for summary judgment.

ULT is further entitled to a ruling of summary judgment on its Fifth Affirmative Defense of Non-Infringement and its Counterclaim for a Declaratory Judgment of Non-Infringement because the ULT products accused by LBC do not contain either the same or an equivalent structure as the structure corresponding to the "control means" limitation of the remaining asserted claims, independent claim 1 and dependent claims 2 and 5 of the '529 patent.

ULT is further entitled to a ruling of summary judgment or partial summary judgment on its Fifth Affirmative Defense of Non-Infringement and its Counterclaim for a Declaratory Judgment of Non-Infringement because the ULT products accused by LBC do not include "direct current blocking means" that perform the function of "operable to stop the flow of the control signal from the DC input terminals, whenever at least one gas discharge lamp is removed from the output terminals or is defective," as is required by asserted claims 1, 2, and 5 of the '529 patent.

In addition, ULT is entitled to summary judgment on its First and Third Affirmative Defenses of Invalidity under 35 U.S.C. § 102 and § 112, and its Counterclaim for a Declaratory Judgment that the asserted claims of the '529 patent are invalid because each and every limitation of the asserted claims of the '529 patent is anticipated by prior art references Japanese Patent Application No. 1989-157099 and Japanese Patent Application No. 61-153997, and because claims 1, 2, and 5 of the '529 patent are invalid as indefinite.

Pursuant to Local Rule 56.3, the elements at issue, facts, legal arguments and authorities

supporting ULT's motion for summary judgment are set forth in accompanying Brief in Support of Motion for Summary Judgment.  Likewise, in accordance with Local Rule 56.6, the evidence supporting ULT's motion for summary judgment is contained in the Appendix in Support of Motion for Summary Judgment ("Appendix" or "A"), also filed simultaneously herewith.

## PRAYER FOR RELIEF

For the reasons set forth in ULT's Brief in Support of Motion for Summary Judgment, ULT respectfully requests that the Court grant it summary judgment and dismiss with prejudice all of Plaintiff's infringement claims against ULT.  In addition, ULT respectfully requests that the Court grant its Motion for Summary Judgment on ULT's claim for a declaratory judgment of non-infringement and invalidity of the patent-in-suit.  ULT also requests such other and further relief to which it may justly be entitled.

Dated:  February 25, 2011  /s/ Deborah L. Sterling
Deborah L. Sterling (Texas Bar No. 19170950)
Brenda T. Cubbage (Texas Bar No. 052013000)
**SPENCER CRAIN CUBBAGE**
**HEALY & MCNAMARA, PLLC**
1201 Elm Street, Suite 4100
Dallas, Texas 75270
Telephone: (214) 290-0000
Facsimile: (214) 290-0099

Steven J. Routh
srouth@orrick.com
Sten A. Jensen
sjensen@orrick.com
**Orrick, Herrington & Sutcliffe, LLP**
1152 15th Street, NW
Washington, DC 20005-1706
Telephone: (202) 339-8400
Facsimile:  (202)  339-8500

John R. Inge
jinge@orrick.com
**Orrick, Herrington & Sutcliffe LLP**
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-chome
Minato-ku, Tokyo 106-6028, Japan
Telephone: +81-3-3224-2900
Facsimile: +81-3-3224-2901

*Attorneys for Defendant*
*Universal Lighting Technologies, Inc.*

- 5 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 25, 2011, a copy of the foregoing instrument has been served on all counsel listed below via electronic mail.

/s/ Deborah L. Sterling_____


**Jonathan T. Suder**
jts@fsclaw.com
**David A. Skeels**
skeels@fsclaw.com
**Friedman, Suder & Cooke**
Tindall Square Warehouse No.1
604 E. 4th Street, Suite 2002
Fort Worth, TX  76102

*Counsel for Plaintiff Lighting Ballast Control LLC*