**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| LIGHTING BALLAST CONTROL LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) C.A. No. 7:09-cv-00029-O<br>UNIVERSAL LIGHTING TECHNOLOGIES, )<br>INC., )<br>)<br>Defendant. )<br>) | |

**DEFENDANT UNIVERSAL LIGHTING TECHNOLOGIES, INC.'S
MOTION TO STRIKE, LIMIT, OR EXCLUDE CERTAIN EXPERT TESTIMONY**

Defendant Universal Lighting Technologies, Inc. ("ULT") respectfully objects to and moves to strike, limit, or exclude certain expert testimony proffered on behalf of Plaintiff Lighting Ballast Control LLC ("LBC").

**SUMMARY**

Dr. Victor Roberts, who submitted an expert report on LBC's behalf regarding the alleged validity of the patent-in-suit, should be precluded from testifying, and his expert report should be stricken, as to any allegations of infringement under the doctrine of equivalents, because LBC did not timely disclose any infringement contention with respect to any element of any asserted claim under the doctrine of equivalents, as required by Misc. Order No. 62 ¶ 3-1.

Dr. Regan Zane, who submitted an expert report on LBC's behalf regarding the alleged validity of the patent-in-suit, should be precluded from testifying, and his expert report should be stricken, as to (1) ULT's failure to cite certain prior art to the U.S. Patent Office during

1

prosecution of some of ULT's own patents and Dr. Zane's opinion that this somehow confirms his opinion that the '529 patent is not invalid as anticipated by that prior art, and (2) ULT's alleged "copying" of inventions claimed in the patent-in-suit.  Dr. Zane is not qualified to testify on these subjects, his stated opinions are not reliable, and his testimony would not assist the trier of fact.  As such his testimony on these subjects does not meet the standards of Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmas., Inc.*, 509 U.S. 579, 589 (1993) and its progeny.

Mr. Edward Goldstein, who submitted an expert report on LBC's behalf regarding alleged willfulness of ULT's alleged infringement and the appropriateness of enhanced damages, should be precluded from testifying, and his expert report should be stricken, as to (1) ULT's alleged "copying" of the '529 patent and related opinions, and (2) alleged discovery misconduct by ULT.  These opinions are outside the scope of Mr. Goldstein's claimed expertise and do not meet the standards for expert testimony under *Daubert* and Fed. R. Evid. 702.

Mr. Mark Gallagher, who submitted an expert report on LBC's behalf regarding damages, should be precluded from testifying in this case, and his expert report should be stricken as to (1) his opinion on both a high-end and a low-end reasonable royalty rate based on two licenses that overstate both rates and are not comparable to any license that might have resulted from the hypothetical negotiation between Mr. Bobel and ULT that forms the basis for Mr. Gallagher's analysis, and (2) his improper use of the entire value of the accused ULT products.

Pursuant to N.D.Tex. Local Rule 7.1, the elements at issue, facts, legal arguments and authorities supporting this Motion are set forth in the accompanying Brief in Support of Motion to Strike, Limit, or Exclude Certain Expert Testimony.  Likewise, the evidence supporting the Motion is contained in the Appendix in Support of Motion to Strike, Limit, or Exclude Certain Expert Testimony ("Appendix"), also filed simultaneously herewith.

**CERTIFICATE OF CONFERENCE**

This Motion is opposed. On March 4, 2011 a conference was held to discuss this Motion, with Steven Routh participating on behalf of ULT and David Skeels participating on behalf of LBC. Counsel discussed the relief requested and the bases for ULT's Motion. Counsel for LBC stated that LBC would not consent to the relief requested, necessitating the instant motion.

**PRAYER FOR RELIEF**

For the reasons set forth in ULT's Brief in Support of Motion to Strike, Limit, or Exclude Certain Expert Testimony, ULT respectfully requests that the Court grant its Motion to Strike, Limit, or Exclude Certain Expert Testimony and enter the attached Order setting forth the relief granted. ULT also requests such other and further relief to which it may justly be entitled.

Dated:  March 4, 2011

/s/ Deborah L. Sterling
Deborah L. Sterling (Texas Bar No. 19170950)
Brenda T. Cubbage (Texas Bar No. 052013000)
**SPENCER CRAIN CUBBAGE
HEALY & MCNAMARA, PLLC**
1201 Elm Street, Suite 4100
Dallas, Texas 75270
Telephone: (214) 290-0000
Facsimile: (214) 290-0099

Steven J. Routh
srouth@orrick.com
Sten A. Jensen
sjensen@orrick.com
**Orrick, Herrington & Sutcliffe, LLP**
1152 15th Street, NW
Washington, DC 20005-1706
Telephone: (202) 339-8400
Facsimile:  (202)  339-8500

and

>John R. Inge
>jinge@orrick.com
>**Orrick, Herrington & Sutcliffe LLP**
>Izumi Garden Tower, 28th Floor
>6-1 Roppongi 1-chome
>Minato-ku, Tokyo 106-6028, Japan
>Telephone: +81-3-3224-2900
>Facsimile: +81-3-3224-2901
>
>*Attorneys for Defendant*
>*Universal Lighting Technologies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2011, a copy of the foregoing instrument has been served on all counsel listed below via electronic mail.

**Jonathan T. Suder**
jts@fsclaw.com
**David A. Skeels**
skeels@fsclaw.com
**Friedman, Suder & Cooke**
Tindall Square Warehouse No.1
604 E. 4th Street, Suite 2002
Fort Worth, TX  76102

*Counsel for Plaintiff Lighting Ballast Control LLC*

/s/ Deborah L. Sterling_____