IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LIGHTING BALLAST CONTROL LLC, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 7:09-CV-00029-O |
| UNIVERSAL LIGHTING TECHNOLOGIES, INC., | | **JURY TRIAL DEMANDED** |
| Defendant. | | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE
TO FILE SUR-REPLY IN FURTHER SUPPORT OF ITS OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

ULT has launched an aggressive assault against LBC's expert, Dr. Victor Roberts, under the guise of a Response to LBC's Motion for Leave, but it offers little to explain its untimely evidentiary submissions. LBC has simply requested a brief opportunity to respond, via a sur-reply, to the new evidence and arguments presented for the first time in ULT's summary judgment reply brief.

**I.     ULT's attacks on Dr. Victor Roberts are misplaced.**

ULT has yet to present any record evidence to rebut LBC's charges of discovery misconduct. Instead, it has turned its fire on Dr. Victor Roberts. This is unfortunate.

Dr. Roberts is eminently qualified in his field and, at nearly seventy years of age, has established a reputation of the utmost honesty and integrity. ULT's attempt to impugn his character is unfair and misguided. Dr. Roberts has devoted substantial time to this case in an effort to carefully, accurately, and truthfully present his infringement opinions. Those efforts

1

ultimately culminated in a detailed expert report, detailed infringement charts, and detailed supplements to the initial report. And Dr. Roberts was deposed on February 18, 2011 for more than eleven hours – a deposition that created a written transcript in excess of 450 pages.

It is no surprise that a 450-page transcript filled with highly technical terms would require corrections, and the vast majority of Dr. Roberts' changes were limited to typical errors, such as transcription and spelling issues. In addition, with respect to answers given in response to vague and objectionable deposition questions that could potentially impact the Court's construction of the disputed "whenever . . . defective" clause of Claim 1, ULT refused to specify in many of its questions whether it was referring to lamp "defects" and "fault conditions" as those terms are understood generally (*i.e.*, in the abstract), or whether it was referring to how those terms are understood, for example, in the context of the patent's '529 Patent as a whole, in the context of the preferred embodiment, or in the context of specific limitations within the patent claims. ULT persisted with such questions, despite repeated objections from LBC. *See, e.g.*, Dkt. 134 at 5-8 (showing some of LBC's objections to ULT's imprecise questions). Dr. Roberts' small handful of changes on this point simply clarified his position in a manner that was consistent with his expert report and with other testimony provided during his deposition.

In any event, Dr. Roberts was legally entitled to review his transcript for any errors:

> On request by the deponent . . . , the deponent must be allowed 30 days . . . in which: (A) to review the transcript . . . ; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e). He received his transcript on February 24, 2011, and his errata sheet was therefore due on March 28, 2011. Dr. Roberts complied with the rule and swore to the truthfulness of his changes. *See* Dkt. 140-1 at A-877 (showing that Dr. Roberts' errata sheet was timely completed and executed on March 19, 2011 and was attached to LBC's proposed sur-

reply on March 21, 2011). ULT's complaints are therefore misplaced. *See Global Mach. Tech. v. Thomas C. Wilson, Inc.*, 2003 U.S. Dist. LEXIS 27593, *15 (S.D. Tex. Sept. 17, 2003) (denying motion to strike errata sheet, stating: "[T]he court finds no authority within the rule to deny a deponent the opportunity to make such changes, provided proper procedures were followed. The rule does not place any responsibility on the district judge to approve the changes made by deponents."); *Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters*, 171 F.R.D. 203, 205 (W.D. Tex. 1997) (denying defendants' motion to strike errata sheet, explaining that a construction of "rule 30(e) [that] only allows the correction of stenographer/court reporter typographical errors . . . seems too narrow"). Rule 30(e) is broadly worded and should be broadly interpreted, as many courts have emphasized. *See, e.g.*, *Medina v. Horseshoe Entm't*, 2006 U.S. Dist. LEXIS 49137, *10 (W.D. La. July 19, 2006) ("Under the broad interpretation of Rule 30(e), . . . substantive alterations are permitted."); *Reilly v. TXU Corp.,* 230 F.R.D 486, 490 (N.D. Tex. 2005) (plaintiff entitled to correct deposition, and defendants permitted to cross-examine), *rev'd on other grounds*, 271 Fed. Appx. 375 (5th Cir. 2008); *Agrizap, Inc. v. Woodstream Corp.,* 232 F.R.D. 491, 493 n.2 (E.D. Pa. 2006) (citing numerous courts who properly understand "Rule 30(e) to permit the deponent to make any kind of changes (corrections based on a claim of transcription error, or any other substantive or procedural changes)."); *see also* 8A Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2118 at 134 (1994).

ULT is welcome to cross-examine Dr. Roberts at trial on the corrections and clarifications noted in his errata sheet. But it should not be allowed to drag his good name through the mud.

**II.     LBC should be permitted to respond to new evidence.**

ULT appears to take umbrage with the fact that LBC used its summary judgment response to point out various evidentiary deficiencies in ULT's Motion for Summary Judgment, including an unsworn expert report on invalidity and a total lack of record evidence supporting its position on the "whenever . . . defective" clause of Claim 1.  In response, ULT filed its Reply brief, accompanied by a new expert declaration and new deposition excerpts from Mr. Poehlman.  ULT's opposition (Dkt. 141) to LBC's Motion For Leave (Dkt. 140) does not explain why it waited until its Reply brief to submit evidence it apparently deems important, stating only that it has "already explained" the reasons for its untimely submissions in other pleadings.  Regardless of the reason, LBC should be permitted to respond to and address ULT's new evidence.

## CONCLUSION

For the reasons stated in its Motion for Leave and in this Reply, LBC respectfully submits that its motion should be granted, and its five-page sur-reply in further opposition to ULT's Motion for Summary Judgment (a copy of which was attached to LBC's Motion for Leave) should be deemed filed.

**Dated:   March 30, 2011.**                                                  Respectfully submitted,

/s/ Jonathan T. Suder
State Bar No. 19463350
David A. Skeels
State Bar No. 24041925
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)
jts@fsclaw.com
skeels@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of March, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Wichita Falls Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                            /s/ Jonathan T. Suder