IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LIGHTING BALLAST CONTROL LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 7:09-CV-00029-O |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| UNIVERSAL LIGHTING TECHNOLOGIES, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS
## MOTION TO STRIKE EXPERT TESTIMONY

### Introduction

In its Response (Dkt. 144), ULT avoids LBC's primary arguments and instead focuses on extraneous issues. The Court should grant LBC's Motion.

**I.      Dr. Giesselmann is not skilled in the relevant art.**

ULT expounds on the power electronics expertise of Dr. Giesselmann – a point LBC does not dispute.  But Dr. Giesselmann does not qualify as one skilled in the art of lighting ballast design simply by virtue of his experience in power electronics.  Dr. Zane has detailed Dr. Giesselmann's deficiencies in the specific field at issue here, and ULT has done little to overcome those concerns.  Specifically, Dr. Zane noted the "many unique power circuit and control techniques applied only to electronic ballasts and the unique challenges presented by fluorescent lamp loads that are not present in most applications for power electronic circuits," and he explained why an individual with a power electronics background might not qualify as one skilled in the art of lighting ballast design. ULT has a number of engineers and former

1

employees with the technical expertise to meet that job description, but it chose not to designate any of them as its validity expert.[1]

ULT has chosen not to "debate" LBC's proposed definition of the person of ordinary skill in the art (*see* Dkt. 144 at 4 n.2) and does not attempt to establish Dr. Giesselmann's experience with lighting ballasts or in lighting ballast design (*see* Dkt. 144 at 5-7) – a point that remains undisputed. Instead, ULT argues that the definition is not relevant to the F.R.E. 702/*Daubert* analysis, and that one who is ***not*** skilled in the relevant art may nevertheless "assist the trier of fact to understand the evidence or to determine a fact in issue." *See* Dkt. 144 at 1-7. This is a novel proposition. ULT also argues that the patent focuses generally on gas discharge devices and inverters, and *not* on lighting ballasts (*see* Dkt. 144 at 5-6) – another novel position that flies in the face of the parties' arguments to date and directly contradicts the patent's express terms. *See, e.g.*, '529 Patent at Col. 1, Lines 26-27 (describing background of "lamp ballasts") and Col. 11, Lines 7-8 (extolling benefits of an "ideally controlled series-resonant ballast for gas discharge lamps"). Dr. Giesselmann's testimony would not be helpful to a jury precisely because he lacks experience in the relevant art of lighting ballast design.

## II.    ULT failed to comply with F.R.C.P. 26(a)(2)(C) as to the seventeen other witnesses.

ULT ignores the thrust of LBC's argument on this point and instead focuses on extraneous issues.[2] In particular, ULT fails to explain why it did not comply with the

---

[1] To be clear, LBC has previously conceded that many ULT engineers have technical expertise that could have qualified them as persons skilled in the art of lighting ballast design. But LBC has *never* suggested that any ULT engineer could simply show up, unannounced, to serve as an alternate expert on invalidity. And there is no indication that any of ULT's recently designated "experts" has reviewed the prior art upon which ULT relies to argue invalidity or has otherwise performed any invalidity analysis whatsoever. ULT has grossly mischaracterized LBC's position on this point by suggesting that it has LBC's blessing to use any of its seventeen non-retained "experts" to opine on invalidity. *See* Dkt. 144 at 19. LBC has made no such overture, as discussed further below.

[2] For example, ULT complains that LBC inadvertently included on its list of accused products a handful of product model numbers for magnetic ballasts. But LBC has always made it clear that its infringement allegations are limited

unambiguous mandate of Federal Rule of Civil Procedure 26(a)(2)(C), which requires the disclosing party to "state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(i) and (ii). ULT *acknowledges* the second prong of this requirement (*see* Dkt. 144 at 14), but then proclaims its compliance with the rule by reference to how it allegedly satisfied the *first* prong: "ULT . . . has provided LBC with a summary of the *subject areas* about which the witnesses may testify and the basis for the witnesses' expertise."  Dkt. 144 at 15 (emphasis added).  So by its own admission, its disclosures fail to include "a summary of the facts and opinions to which the witness is expected to testify" and therefore fail to comply with the second prong of the rule.

In addition, it is not clear that ULT has complied with the first prong of the rule, as it relies on boilerplate language for the "summaries" of the subject areas on which these seventeen witnesses intend to testify.  These so-called "summaries" are limited to broad generalizations of subject matter and, as referenced above, say nothing about the "facts and opinions to which the witness is expected to testify."

Nevertheless, assuming *arguendo* that ULT's disclosures comply with both the first and second prongs of the rule, these seventeen "experts" must be limited to testimony on subject matter disclosed.  ULT, who is understandably concerned about the prospect its invalidity expert may be stricken by the Court, has now proposed, for the first time, to use its seventeen "experts" to opine on invalidity.  Dkt. 144 at 17.  This is news to LBC, since ULT's disclosures do not even mention the words "validity," "invalidity," "prior art," or "Japanese patent applications," and the disclosures do not state whether any of these witnesses so much as read the '529 Patent

---

to electronic ballasts (*see, e.g.*, Complaint [Dkt. 1] at 3-4) and has repeatedly clarified for ULT that its infringement position is so limited.

or attempted to apply the claims, as construed by the Court, to the accused products. *See generally* Dkt. 131 at A-230 – A-237; *see also* footnote 1 *supra*. Because ULT did not comply with Rule 26 and has not attempted to supplement its disclosures or otherwise moved for leave to do so, its seventeen experts should be precluded from offering expert testimony.

**Conclusion**

LBC's Motion to Strike boils down to two basic facts – ULT failed to: (1) timely designate a validity expert with experience in the relevant art of lighting ballast design, and (2) comply with the clear mandates of Rule 26(a)(2)(C). For these reasons, LBC's Motion to Strike should be granted in its entirety.

**Dated: March 30, 2011.**                    Respectfully submitted,

/s/ Jonathan T. Suder
State Bar No. 19463350
David A. Skeels
State Bar No. 24041925
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)
jts@fsclaw.com
skeels@fsclaw.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Wichita Falls Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Jonathan T. Suder